Mingzi Ouyang, Esq. (SBN 314334)
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (909) 248 4522
E-Mail: Marjorie.ouyang@valleysummitlaw.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FUZHOU YIYUNHUI TRADING CO., LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FELTRIGHT, LLC, )<br>)<br>Defendant. )<br>)<br>) | Civil Action No.: 1:26-cv-05968<br><br>**COMPLAINT** |

**I. INTRODUCTION**

1. Plaintiff Fuzhou Yiyunhui Trading Co., Ltd. ("Plaintiff") hereby brings the present action against FeltRight, LLC ("Defendant") and alleges as follows:

**II. PARTIES**

2. Plaintiff Fuzhou Yiyunhui Trading Co., Ltd. ("Plaintiff") is a Chinese company engaged in the business of manufacturing, distributing, and selling acoustic felt wall panel products globally, including within the Northern District of Illinois, through its Amazon storefront under the name "PebblingQ." One of Plaintiff's key products is its acoustic felt wall panel product line incorporating chamfered-edge and groove-pattern felt panel configurations ("Plaintiff's Product").

1

3．Defendant FeltRight, LLC ("Defendant") is a limited liability company organized under the laws of Utah, U.S., with its principal place of business located at 12094 Life Science Ct Ste 500, Draper, Utah 84020. Upon information and belief, Defendant is the owner and assignee of U.S. Patent No. 12,486,674 B2 ("the '674 Patent").

### III. NATURE OF THE ACTION

4．This action seeks declaratory judgment of patent invalidity and noninfringement under 28 U.S.C. § 2201(a) and 35 U.S.C. §102(a)(1).

5．In addition, this action asserts claims for tortious interference with business relations or prospective economic advantage.

6．Lastly, this action asserts claims for violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2.

### IV. JURISDICTION AND VENUE

7．This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8．This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9．Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and § 1400 because Defendant conducts business in this District and the acts complained of herein occurred in this District. Defendant has purposefully directed its enforcement activities, including submitting Amazon IP complaints, toward sellers conducting business within this District.

### V. GENERAL FACTS

10．Plaintiff has operated its Amazon storefront under the name "PebblingQ" and has developed a stable business selling acoustic felt wall panel products to customers in the United

States. Plaintiff has established ongoing commercial relationships with Amazon and its customers and has maintained active product listings for Plaintiff's Product.

11. The '674 Patent, titled "Felt Tiles and Tile Kits," is U.S. Patent No. 12,486,674 B2. A true and correct copy of the '674 Patent is attached hereto as Exhibit 1.

12. Despite knowledge or reason to know that the '674 Patent is invalid and not infringed, Defendant maliciously filed a baseless complaint with Amazon.com alleging infringement of the '674 Patent by Plaintiff's Product. Specifically, on or about April 8, 2026, Defendant submitted an Amazon IP Complaint (ID 19863261721) targeting Plaintiff's listings associated with Plaintiff's PebblingQ storefront, including but not limited to ASINs B0FF3KQ8MC, B0FH2VQBH8, B0FF4T8TYJ, B0FF3K1NRL, B0DSFS7H4K, B0FH2TK7YK, B0DSFYDB47, and B0FF3KBBDG. The complaint resulted in the wrongful delisting and removal of Plaintiff's product listings, causing significant disruption to Plaintiff's business operations and reputational harm. See Exhibit 2.

13. On April 10, 2026, Defendant's attorney further asserted that Plaintiff's Product allegedly infringes at least independent Claim 1 of the '674 Patent and demanded that Plaintiff cease making, using, offering to sell, selling, and/or importing the accused products in the United States. See Exhibit 3.

14. Amazon's IP complaint system allows rights holders to enforce their intellectual property by submitting facially valid certificates, such as the disputed U.S. patent registration here. Upon receipt of such a complaint, Amazon typically removes or disables the accused product listings immediately, without prior notice to the seller. The affected inventory is frozen in Amazon's fulfillment centers, and the seller is rendered unable to fulfill orders or generate sales revenue from the impacted products. Although accused sellers are permitted to submit non-

infringement analyses or rebuttal evidence, Amazon generally presumes the validity of facially effective patents and gives significant deference to the complainant's representations. As a result, sellers often have no meaningful recourse through Amazon's internal procedures, and the takedowns remain in effect regardless of the merits of the infringement allegation.

15．Although the asserted patent is invalid, and no actionable infringement could exist as a matter of law, Defendant proceeded to file an Amazon IP complaint against Plaintiff. Defendant's conduct constitutes a pattern of abusing Amazon's intellectual property enforcement system to exclude competitors from the marketplace.

16．As a result of Defendant's conduct, multiple listings associated with Plaintiff were removed from Amazon.

17．Plaintiff's Product consists of acoustic felt wall panel products that differ from the scope and claims asserted in the '674 Patent and do not infringe any valid and enforceable claim of the '674 Patent.

18．Plaintiff further alleges that the asserted features of the '674 Patent were publicly known, publicly displayed, commercially available, and publicly sold prior to the filing date of the '674 Patent.

19．As early as June 12, 2019, publicly available Tmall product listings displayed acoustic felt wall panel products incorporating chamfered edges, segmented groove patterns, and related surface configurations substantially similar to the configurations asserted by Defendant. See Exhibit 4. A true and correct English translation of Exhibit 4 is attached hereto as Exhibit 5.

20．Publicly available sales records further demonstrate that such products were commercially sold no later than 2019 and 2020. See Exhibit 6. A true and correct English translation of Exhibit 6 is attached hereto as Exhibit 7.

21. Prior to the filing date of the '674 Patent, third-party industry participants publicly disclosed and promoted acoustic felt products utilizing bevel cuts, V-grooves, chamfered edges, invisible panel seams, and similar acoustic felt panel configurations. See Exhibit 8.

22. Upon information and belief, the features asserted by Defendant as proprietary in the '674 Patent were publicly known and available in the acoustic felt panel industry prior to the filing date of the '674 Patent.

23. As a direct result of Defendant's conduct, Plaintiff has suffered harm, including removal of listings, inability to sell products, disruption of business operations, and loss of sales and customer goodwill, and continues to face the risk of further listing removals, loss of revenue, and reputational harm.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT INVALIDITY
## AND NON-INFRINGEMENT
### (28 U.S.C. §§ 2201, 2202; 35 U.S.C. §§271, 282)

24. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

25. Pursuant to 28 U.S.C. § 2201(a), "in a case of actual controversy within its jurisdiction…..any court of the United States…. may declare the rights and other legal relations of any interested party seeking any declaration."

26. Here, Plaintiff's products and similar products have been sold prior to the filing of Defendant's Patent. Defendant's Patent is invalid under one or more provisions of 35 U.S.C.

27. Plaintiff's Product does not infringe any valid and enforceable claim of the '674 Patent.

**COUNT II**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR PROSPECTIVE**
**ECONOMIC ADVANTAGE**

28．Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

29．Under *Fellhauer v. City of Geneva*, 568 N.E.2d 870 (Ill. 1991), it is generally recognized by the Illinois courts that to prevail on a claim for tortious interference with a prospective economic advantage, a plaintiff must prove: (1) a reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge; (3) the purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damage to the plaintiff resulting from such interference.

30．Plaintiff had valid and ongoing business relationships and expectancies with Amazon and its customers through its active Amazon storefronts and product listings. Defendant knew of these relationships because it specifically targeted Plaintiff's Amazon listings and ASINs in its infringement complaint.

31．Defendant intentionally and unjustifiably interfered with Plaintiff's relationships and expectancies by submitting the baseless patent infringement complaint to Amazon. Defendant's complaint caused Amazon to remove and deactivate Plaintiff's listings, preventing Plaintiff from continuing sales through those listings.

32．As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages, including removal of listings, lost sales, disruption of business operations, loss of customer goodwill, and reputational harm.

## COUNT III
## VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICE ACT
## (815 ILCS 510/2)

33. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

34. Pursuant to the Illinois Deceptive Trade Practices Act (DTPA), 815 ILCS 510/2, "a person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she: …. (8) Disparages the goods, services, or business of another by false or misleading representation of fact."

35. Based on the facts alleged above, Defendant engaged in deceptive trade practices by submitting a false and misleading patent infringement complaint to Amazon, falsely representing that Plaintiff's products infringed the '674 Patent. These false representations disparaged Plaintiff's products and business and caused Amazon to remove and deactivate Plaintiff's listings. As a result, Plaintiff suffered damages, including lost sales, disruption of business operations, loss of customer goodwill, and reputational harm.

### JURY DEMAND

36. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment against Defendant as to the alleged causes of action;

2. An order enjoining Defendant, its officers, agents, employees, affiliates, and all persons acting in concert with it from submitting further false or misleading complaints to Amazon, and from further tortious interference with Plaintiff's business relations;

7

3．An order directing any third-party platforms, including but not limited to Amazon, to reinstate and reopen any listings, advertisements, or sales channels operated by Plaintiff in connection with Plaintiff's products;

4．An order requiring Defendant to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which it has complied with the injunction;

5．An award of damages adequate to compensate Plaintiff for Defendant's wrongful acts;

6．Such other and further relief as the Court may deem just and proper.

Dated: May 21, 2026        Respectfully submitted,

                */s/ Mingzi Ouyang*
                Mingzi Ouyang
                VALLEY & SUMMIT LAW
                One Park Plaza, Suite 600
                Irvine, CA 92614
                marjorie.ouyang@valleysummitlaw.com
                (909) 248 4522
                Attorney for Plaintiff